Opinion Issued April 20, 2006



 














     






In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00197-CR




JIMMY SCOTT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 983908




MEMORANDUM OPINION
          Appellant, Jimmy Scott, pleaded guilty to aggravated assault without an agreed
recommendation from the State for punishment. The trial court assessed punishment
at 13 years’ confinement. On appeal, appellant’s appointed counsel filed an Anders



brief stating that he had not found arguable points of error to raise on appeal. 
Appellant filed a pro se response to counsel’s Anders brief asserting (1) that his guilty
plea was involuntary and made without fully understanding the consequences of the
plea, (2) that his waiver of constitutional rights, agreement to stipulate, and judicial
confession was unlawfully induced and made without fully understanding the
consequences, and (3) that appellant’s trial counsel was ineffective. We affirm the
judgment and grant appellant’s counsel’s motion to withdraw.
PROCEDURAL FACTS
          On January 13, 2005, appellant pleaded guilty to aggravated assault. Appellant
signed a “Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial
Confession,” which stipulated that the acts alleged in the indictment were true. In
writing, appellant waived various rights and represented to the trial court that he was
mentally competent to understand the nature of the charges against him, that he
understood and accepted the plea after consulting with his attorney, that his plea was
“freely, knowingly, and voluntarily” executed, that he was aware of the consequences
of his plea, that he read and understood English, and that he had received effective
and competent representation. Appellant also waived the right to a court reporter.
DISCUSSION
          Appellant’s appointed counsel on appeal has filed an Anders brief, stating that
he has found no arguable points of error to raise on appeal and moving to withdraw
as counsel. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). The brief
meets the requirements of Anders by presenting a professional evaluation of the
record and detailing why there are no arguable grounds for reversal. Id. 386 U.S. at
744, 87 S. Ct. 1400; see also High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App.
1978). Appellant has filed a pro se brief.
          A court of appeals has two options when an Anders brief and a subsequent pro
se brief are filed. Upon reviewing the entire record, it may determine (1) that the
appeal is wholly frivolous and issue an opinion explaining that it finds no reversible
error or (2) that there are arguable grounds for appeal and remand the cause to the
trial court for appointment of new appellate counsel. Bledsoe v. State, 178 S.W.3d
824, 826-27 (Tex. Crim. App. 2005).
          We have carefully reviewed the entire appellate record. We conclude that there
is no reversible error and that the appeal is wholly frivolous. See id.
          We affirm the judgment and grant counsel’s motion to withdraw.



 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).